UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PAULINE RUSINICH,                                         CV

                                    Plaintiff,

              v.                                          COMPLAINT

DEE CEE ASSOCIATES LLC AND WHOLE                          JURY TRIAL REQUESTED
PIE'S, INC.,

                                    Defendants.
-----------------------------------------------------------------x

## COMPLAINT

Plaintiff Pauline Rusinich (hereafter referred to as "Plaintiff"), by counsel, Hanski

Partners LLC, as and for the Complaint in this action against Defendants Dee Cee

Associates LLC and Whole Pie's, Inc. (together referred to as "Defendants"), hereby

alleges as follows:

## NATURE OF THE CLAIMS

1.       This lawsuit opposes pervasive, ongoing, and inexcusable disability

discrimination by the Defendants.  In this action, Plaintiff seeks declaratory, injunctive,

and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses

to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of

Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and

its implementing regulations, the New York State Human Rights Law ("NYSHRL"),

Article 15 of the New York State Executive Law ("Executive Law"), the New York State

Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law

("NYCHRL"), Title 8 of the Administrative Code of the City of New York

("Administrative Code").  As explained more fully below, Defendants own, lease, lease

to, operate, and control a place of public accommodation that violates the above-

mentioned laws.  Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for Defendants to accept responsibility.  This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, Plaintiff Pauline Rusinich has been and remains currently a resident of the State and City of New York.

6.      At all times relevant to this action, Plaintiff Pauline Rusinich has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant Dee Cee Associates LLC owns the property located at 260 West 44th Street in New York County, New York (hereinafter referred to as "260 West 44 Street").

8.      260 West 44 Street is located in the Times Square/Theatre neighborhood of New York County, New York.

9.      Defendant Whole Pie's, Inc. operates a restaurant commonly known as John's Pizzeria.

10.     At all relevant times, defendant Whole Pie's, Inc. operates and/or leases from the defendant Dee Cee Associates LLC property located at 260 West 44 Street in which the restaurant commonly known as John's Pizzeria is located (hereinafter referred to as the "John's Pizzeria premises").

11.     Upon information and belief, Dee Cee Associates LLC and Whole Pie's, Inc. have a written lease agreement.

12.     Each defendant is licensed to and does business in New York State.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

13.     Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the John's Pizzeria premises located at 260 West 44 Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

14. The John's Pizzeria premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

15. Numerous architectural barriers exist at the John's Pizzeria premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

16. Upon information and belief, at some time after January 1992, alterations were made to 260 West 44 Street, including areas adjacent and/or attached to 260 West 44 Street.

17. Upon information and belief, at some time after January 1992, alterations were made to the John's Pizzeria premises, and to areas of 260 West 44 Street related to the John's Pizzeria premises.

18. In August 2023 Plaintiff visited and patronized the John's Pizzeria premises where she personally encountered and experienced architectural barriers identified herein.

19. The services, features, elements and spaces of the John's Pizzeria premises are not readily accessible to, or usable by Plaintiff as required by the 1991 ADA Standards for Accessible Design codified in 28 C.F.R. Part 36, Appendix D (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or in the 2010 ADA Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D and 28 CFR part 36 subpart D  (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

20.     Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the John's Pizzeria premises that are open and available to the public.

21.     Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

22.     Barriers to access that Plaintiff encountered and/or which deter Plaintiff from patronizing the John's Pizzeria premises as well as architectural barriers that exist include, but are not limited to, the following:

I.      The public entrance to the John's Pizzeria premises is not accessible.
        *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
        *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
        *Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
        *Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

II.     There are less than 48 inches between the two doors in a series at the public entrance vestibule.
        *At two doors in a series (or a vestibule), Defendants fail to provide a level floor area that is 48 inches between the two doors plus the width of doors*

5

*swinging into the space. See 1991 ADA § 4.13.7; 2010 ADA § 404.2.6; 1968 Ref Std § 4.13.7; 2008 Ref Std § 404.2.5; and 2014 Ref Std § 404.2.5.*

III.     No signage identifies an accessible entrance to the John's Pizzeria premises (to the extent Defendants claim they provide an accessible public entrance).

*Defendants fail to display signage (marked with the International Symbol of Accessibility or otherwise) that identifies an accessible entrance. See 1991 ADA §§ 4.1.2(7)(c); 4.1.3(8)(d); and 4.1.6(1)(h); 2010 ADA § 216.6; 1968 BC § 27- 292.18; 2008 BC § 1110; and 2014 BC §§ 1101.3.4; and 1110.*

IV.     There is no directional signage at the inaccessible entrance to the John's Pizzeria premises that indicates the location of an accessible entrance (to the extent Defendants claim they provide an accessible entrance).

*Defendants do not provide and display signage at the inaccessible public entrance (marked with the International Symbol of Accessibility or otherwise) that indicates the location of an accessible entrance. See 1991 ADA §§ 4.1.6(1)(h) and 4.1.3(8)(d); and 2010 ADA Standards § 216.6.*
*Defendants fail to provide directional signage at necessary locations. See 1968 BC § 27-292.18(b).*
*Defendants fail to provide directional signage by the inaccessible entrance indicating the route to the nearest accessible entrance. See 2008 BC § 1110.2; and 2014 BC §§ 1101.3.3; and 1110.2.*

V.      The ramp in the John's Pizzeria premises lacks handrails on both sides.

*Defendants fail to provide handrails on both sides of the ramp.  See 1991 ADA § 4.8.5; 2010 ADA § 505.2; 1968 Ref Std § 4.8.5; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

VI.     There is no accessible route connecting all the public accommodations within the John's Pizzeria premises.

*Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site.  See 1991 ADA §§ 4.3.2, 4.1.2(2), and 4.1.3(1); 2010 ADA §§ 206.1 and 206.2; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1104; and 2014 BC § 1104.*

VII.    There are steps to access raised dining in the John's Pizzeria premises that are greater than ½-inch in height.

*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
*Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

VIII.   There is no accessible seating at any of the John's Pizzeria premises' dining areas.

*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10*

IX.    There are no accessible tables in the dining area. All tables have chairs, and a pedestal and/or booths that obstruct knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide that at least 5% of the dining surfaces provided to customers are accessible. See 1991 ADA § 5.1; 2010 ADA § 226.1; 1968 BC § 27-292.10(a)(3); 2008 BC § 1109.11; and 2014 BC § 1109.10. Defendants fail to provide (due to chairs, table pedestals or table legs and/or booths) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

X.    There is no accessible seating at the bar in the John's Pizzeria premises.
*Where food or drink is served at counters exceeding 34 inches in height for consumption by customers seated on stools or standing at the counter, a portion of the main counter which is 60 inches in length minimum shall be accessible or service shall be available at accessible tables within the same area. See 1991 ADA §§ 5.1 and 5.2.
Defendants fail to provide that where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall be accessible. See 2010 ADA §§ 226.1 and 902.
Defendants fail to provide that at least 5 percent of the seating and standing spaces are accessible. See 1968 BC § 27-292.10(a)(3); 2008 1109.11; and 2014 BC § 1109.10.*

XI.    The bar counter at the at the John's Pizzeria premises has a base that obstructs knee and toe clearances required for a forward approach to the seating.
*Defendants fail to provide (due to a base wall) a clear floor space of 30 inches by 48 inches positioned for a forward approach and the required knee and toe clearance at accessible work surfaces and/or table surfaces. See 1991 ADA § 4.32.2; 2010 ADA § 902.2; 1968 Ref Std § 4.30.2; 2008 Ref Std § § 902.2; and 2014 Ref Std § 902.2.*

XII.    The bar counter in the John's Pizzeria premises exceeds 34 inches in height.
*The tops of accessible dining surfaces shall be 28 inches minimum and 34 inches maximum above the finish floor. See 1991 ADA § 4.32.4; 2010 ADA § 902.3; 1968 Ref Std § 4.30.4; 2008 Ref Std § § 902.3; and 2014 Ref Std § 902.4.*

XIII.   Accessible tables are not identified by the International Symbol of
        Accessibility (to the extent Defendants claim they provide accessible
        table(s)).
        *Defendants fail to provide that accessible seating shall be identified by the
        International Symbol of Accessibility. See 2008 BC § 1110.1(9) and 2014
        BC § 1110.1(11).*

XIV.    The restrooms in the John's Pizzeria premises are not accessible.
        *Defendants fail to provide accessible toilet facilities. See 1991 ADA §
        4.1.3(11); 2010 ADA § 213.1; 1968 BC § 27-292.12; 2008 BC § 1109.2;
        and 2014 BC § 1109.2.*

XV.     The toilet room labeled as accessible is not of sufficient size.
        *Defendants fail to provide an accessible toilet room that allows a 180-
        degree turn.  See 1991 ADA §§ 4.22.3; and 4.2.3; 2010 ADA §§ 603.2.1
        and 304.3; 1968 Ref Std § 4.17.3; 2008 Ref Std § 604.8.2 and 2014 Ref Std
        § 604.9.2.*

XVI.    There is no accessible route to the men's toilet room in the John's Pizzeria
        premises due to steps.
        *Defendants fail to provide an accessible route to each level required to be
        accessible.  See 1991 ADA §§ 4.3.2; 4.1.2(2) and 4.1.3(1); 2010 ADA §§
        206.1 and 206.2; 1968 BC § 27-292.5; 1968 Ref Std § 4.3.2; 2008 BC §
        1104; and the 2014 BC § 1104.*

XVII.   The entrance, which is also an exit, is not accessible.
        *Defendants fail to provide accessible means of egress in the number
        required by the code.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1; 1968
        BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC §
        1007.1.*

23.     Plaintiff either personally encountered or has knowledge of such barriers
to access.

24.     Upon information and belief, a full inspection of the John's Pizzeria
premises will reveal the existence of other barriers to access.

25.     As required by the ADA (remedial civil rights legislation) to properly
remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff
requires a full inspection of the John's Pizzeria premises in order to catalogue and cure
all of the areas of non-compliance with the ADA.  Notice is therefore given that Plaintiff

8

intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

26.     Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

27.     Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

28.     Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the John's Pizzeria premises continue to exist and deter Plaintiff.

29.     Plaintiff frequently travels to the area where the John's Pizzeria premises is located.

30.     Plaintiff travels to the area where the John's Pizzeria premises is located at least six times a year.

31.     Prior to one of those outings, Plaintiff contacted the John's Pizzeria premises to determine if it was accessible for wheelchair users.

32.     Plaintiff was advised that it was accessible and that it has a "handicap accessible bathroom on the main floor".

33.     Pleased to hear it was accessible, in August 2023 Plaintiff decided to patronize the John's Pizzeria premises.

34.     Plaintiff's visit to the John's Pizzeria premises provides a glimpse of the harms Defendants cause with their refusal to comply with the ADA , NYSHRL and NYCHRL.

35.     Plaintiff's visit to the John's Pizzeria premises provides a glimpse of the harms Defendants cause with their false claims of accessibility in compliance with the ADA , NYSHRL and NYCHRL.

36.     While patronizing the John's Pizzeria premises, Plaintiff suffered a significant invasion of privacy, an intrusion that was a direct and proximate result of Defendants' failure to provide an accessible place of public accommodation.

37.     While at the John's Pizzeria premises, Plaintiff required use of the restroom.

38.     Plaintiff went to the restroom that was labeled as the accessible restroom.

39.     However, once inside the restroom plaintiff discovered that it was not accessible to her, as the restroom did not accommodate wheelchairs.

40.     As she required the restroom facilities, Plaintiff was forced to squeeze herself, together with her wheelchair, into a bathroom with insufficient floor area.

41.     However, because the restroom was not accessible, the door would not close.

42.     Plaintiff was forced to use the restroom with the door open to the public area of the John's Pizzeria premises.

43.     The invasions of privacy Plaintiff suffered distressed her greatly.

44.     Plaintiff would not have suffered an extreme invasion of her privacy, but for Defendants' failure to provide an accessible place of public accommodation.

45.     The incident continues to be a source of embarrassment, shame and humiliation to Plaintiff.

46.     Plaintiff enjoys the food served at the John's Pizzeria premises, especially their garlic rolls.

47.     However, since the incident, as a result of the inaccessibility of the John's Pizzeria premises, Plaintiff has only purchased food from the John's Pizzeria premises to go.

48.     Plaintiff is deterred from patronizing the John's Pizzeria premises because of the barriers to access extant at the John's Pizzeria premises.

49.     Plaintiff intends to dine within the John's Pizzeria premises one or more times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

50.     Plaintiff is also an independent "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the John's Pizzeria premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

51.     Plaintiff also intends to utilize her visits to the John's Pizzeria to monitor, ensure, and determine whether the John's Pizzeria premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

52.     Plaintiff continues to suffer an injury due to Defendants maintenance of architectural barriers at the John's Pizzeria premises.  This is because she desires to dine within the John's Pizzeria premises but Defendants deny her the opportunity to do so based on disability because they maintain architectural barriers at the John's Pizzeria

premises. Defendants discriminate against her in violation of the ADA, the NYSHRL and the NYCHRL as they created, maintain and have failed to remove architectural barriers to wheelchair access at the John's Pizzeria premises.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

53.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

54.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

55.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

56.     Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

57.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.  Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

58.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

59.     Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards.  See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

60.     The John's Pizzeria premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

61.     Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

62.     The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

63.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make Defendants' place of public accommodation fully accessible.

64.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

65.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

66.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

67.     Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

68.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

69.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

70.     In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

71.     By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

72.     Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

73.     Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.  Each of the Defendants have aided and abetted others in committing disability discrimination.

74.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

75.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

76.     It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77.     It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

78.     As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

79.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

80.     Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81.     Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

82.     The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL.  The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible.  See also New York City Local Law 35 of 2016.

83.     Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).  Each of the Defendants have aided and abetted others in committing disability discrimination.

84.     Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

85.     Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

86.     Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

87.     Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

88.     Defendants' failure to provide reasonable accommodations for persons with disabilities, inclusive of Defendants' failure to remove the barriers to access identified herein, and their consequent denial of equal opportunity to Plaintiff, constitutes an ongoing continuous pattern and practice of disability discrimination in violation of NYCHRL (Administrative Code §§ 8-107(4) and 8-107(15)).

89.     In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and

privileges of their commercial facility/space and the place of public accommodation

therein, all because of disability, as well as other acts in violation of the NYCHRL.

90.     Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on

the property owner to repave, reconstruct, repair, and maintain its abutting public

sidewalk.  As a result, Dee Cee Associates LLC continuously controlled, managed, and

operated the public sidewalk abutting 260 West 44 Street, which includes the portion of

the sidewalk constituting the entrance to Defendants' place of public accommodation.

91.     Dee Cee Associates LLC's failure to construct and maintain an accessible

entrance from the public sidewalk to Defendants' place of public accommodation

constitutes disability discrimination in a violation of the Administrative Code.

92.     Defendants discriminated against Plaintiff in violation of the NYCHRL

(Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public

accommodation.

93.     Defendants' conduct also violates the NYCHRL, Administrative Code 8-

107 (17), which states that "an unlawful discriminatory practice . . . is established . . .

[when plaintiff] demonstrates that a policy or practice of a covered entity or a group of

policies or practices of a covered entity results in a disparate impact to the detriment of

any group protected by the provisions of this chapter."

94.     Because Defendants' public accommodation is not readily accessible and

usable by people with disabilities, Defendants have demonstrated a policy or practice that

has a disproportionately negative impact on the disabled (including plaintiff).

95.     Defendants' conduct constitutes an ongoing and continuous violation of

the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will

continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

96.     As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

97.     Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

98.     By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

99.     Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

100.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.  Defendants' unlawful profits plus interest must be disgorged.

101.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

102.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

103.    Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

104.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

105.    Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

### INJUNCTIVE RELIEF

106.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

107.    Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

108.    Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.   Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYSHRL and the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's

fees, costs, and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff

may be justly entitled.

Dated: May 1, 2024
         New York, New York

Respectfully submitted,

**HANSKI PARTNERS LLC**

By:____/s_____
         Robert G. Hanski, Esq.
         Attorneys for Plaintiff
         85 Delancey Street
         New York, New York 10002
         Telephone: (212) 248-7400
         Facsimile: (212) 248-5600
         Email: rgh@disabilityrightsny.com